INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. MILTON FOSTER ET AL.

Decided February 20, 1907.

1.—Evidence—Relevancy.

In an action for causing overflow of plaintiff's land evidence that it overflowed frequently after the construction of the railway and not at all before was admissible.

2.—Overflow—Pleading—Evidence.

The allegation that the railway structures caused the water to flow on plaintiff's land was sufficient to admit evidence that the railway had this effect, the direction in which it was caused to flow in order to do so not being material nor necessary to prove strictly as alleged.

3.—Growing Crops—Measure of Damages.

Where a market garden was destroyed by flood at a time when part of the crop was matured and all far advanced, the market value of the crop at the time of its destruction was the proper measure of damages.

4.—Juror as Witness.

It is within the discretion of the trial judge to refuse to permit a juror to be sworn as a witness. See circumstances under which it is held that such discretion was properly exercised.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*John M. King* and *Martin & Martin,* for appellant.—The fact that a person is sitting as a juror in the trial of a case, does not render him incompetent to testify in the same case concerning any facts within his knowledge pertinent to the issues involved. On the contrary, it is the proper practice, in justice to the juror and the parties litigating, to have such juror state under oath and cross-examination what knowledge

he has concerning such facts. Green v. Hill, 4 Texas, 465; 17 Am. & Eng. Ency. of Law, 1153, note 4. "Witness competent as juror."

The court erred in the fifth paragraph of its charge in stating the measure of damages by which the jury should be governed, and in refusing to give defendant's special charge upon the measure of damages. Raywood Canal Co. v. Wells, 77 S. W. Rep.; 253; International & G. N. Ry. v. Pape, 73 Texas, 501; Dunlap v. Raywood Rice Co., 16 Texas Ct. Rep., 86; City v. Tucker, 15 Texas Ct. Rep., 241; Raywood Canal Co. v. Langford, 74 S. W. Rep., 928.

No briefs for appellee were on file.

KEY, Associate Justice.—This is a suit for damages, alleged to have been caused by the improper construction of the roadbed of the defendant's railroad, whereby surface water was diverted from its natural course and caused to flow upon the plaintiffs' land, injuring and destroying the crops thereon. From a judgment in favor of the plaintiffs for $100, the defendant has appealed.

The first assignment is addressed to the action of the court in overruling certain exceptions to the plaintiffs' petition, the substance of which was that the petition was wanting in certainty and particularity. We do not regard the objections referred to as tenable, and the assignment is overruled.

The third assignment which complains because the court permitted a witness to testify that the plaintiffs' land had frequently overflowed since the defendant's railroad was constructed and did not overflow before that time, is overruled. The objection goes to the weight of the testimony and not to its admissibility. The facts testified about were circumstances proper to be considered by the jury in determining the question of appellant's liability.

We overrule the fourth assignment which complains because the court permitted witnesses to testify that the rain which fell upon the west side of defendant's track was caused to flow in a southerly direction to a certain ravine, the water from which emptied upon the plaintiffs' truck patch. The objection seems to be founded upon the contention that the plaintiffs alleged in their petition that the defendant was guilty of negligence in so constructing its railroad as to prevent the water falling upon the land from flowing in its natural course in a westerly direction into what is known as McCulloch's slough or bayou. The direction in which the water was caused to flow was not material, provided it went upon the plaintiffs' land.

The fifth and eleventh assignments relate to the measure of damages. The court instructed the jury, "The measure of damages recoverable by plaintiffs against defendant would be the reasonable market value of each crop so destroyed at the time it was destroyed, not to exceed for any one crop, the amount claimed in the plaintiffs' petition." The plaintiffs' land was used for market gardening, and the crops referred to were tomatoes, potatoes, melons, etc. The injury complained of occurred in July, and the testimony shows that the crops were either matured or far advanced towards maturity. We do not think the charge quoted is subject to the criticisms urged against it, and hold that it was

not error to refuse a requested instruction which would have given quite a different measure of damages.

The eighth assignment of error complains because the court refused to allow the defendant to have one of the jurors sworn as a witness. It is stated in the body of the bill of exception that when it was asked to have the juror sworn as 'a witness, the defendant's counsel stated that he did not know and had no intimation at the time the jury was impaneled that the juror knew any fact material to the case, and that it was expected to prove by the juror that he was engaged in truck gardening in the vicinity of the plaintiffs' premises, and that he would state certain facts set out in the bill, which would have been at variance with the testimony of the plaintiffs and would have tended to show that he did not sustain as much injury as his testimony tended to show. It seems that the trial judge did not agree to all that was stated in the body of the bill, because in allowing it, he appended a qualification stating, among other things, that counsel for defendant admitted they had not talked to the witness, and did not know what he would swear or what his knowledge was; and further, that there were many other gardners about Marlin that could be had to prove what the facts were.

Conceding the proposition that, under some circumstances, it may be permissible to allow a juror to be sworn as a witness, still we are of opinion that a trial judge is not without discretion in such matters. Our statute disqualifies witnesses from acting as jurors, and when it is sought to use as a witness a juror who has not been summoned as a witness, we think it should be made to clearly appear that the party offering the juror as a witness had exercised proper diligence before he was empaneled and was not apprised of the fact that he knew anything material to the case. The bill of exception does not show that any diligence whatever was used to ascertain what this juror might know about the condition of truck gardens at the time in question, although he lived in the vicinity of the plaintiffs' garden. It merely states that the "defendant's counsel stated at the time that *he* did not know and had no intimation at the time the juror was empaneled that he knew any fact material to the issues involved." The defendant's answer was signed by Martin & Martin, indicating that the defendant had more than one attorney; and the judge's qualification to the bill of exception indicates the same fact, yet the bill indicates that only one attorney made any statement concerning his lack of prior knowledge of what could be proved by the juror. Besides, while the defendant is a corporation, it can acquire knowledge through its president or general manager or other agents and representatives than its attorneys, and the bill does not negative the fact that through such other representatives it had notice of what might be proved by the juror. Furthermore, the judge's qualification to the bill seems to contradict the statement as to what was stated in the body of the bill concerning what was expected to be proved by the juror.

For these reasons we hold that it is not shown that the ruling complained of in reference to the juror constitutes reversible error. There are some other assignments of error, all of which have been duly considered, and our conclusion is that no reversible error has been pointed out, and the judgment is affirmed.

*Affirmed.*